UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAETORIAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.  16 CV 9565<br>) |
| FIRST CLASS GROUP, INC., and AILEEN CHAN, | )<br>)<br>) |
| Defendants. | ) |

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF THE
MOTION FOR REMAND TO ILLINOIS STATE COURT
AND FOR COSTS AND FEES

Plaintiff Praetorian Insurance Company ("Praetorian"), through its attorneys HeplerBroom, LLC, pursuant to 28 U.S.C. §1447(c), and in further support of its motion for remand and in opposition to the notice of removal, states:

**Status of the Motion**

1. Predictably, the removing defendants ignore controlling law, make sweeping counter-assertions without the benefit of legal citation, and generally leave no reason to not remand the case with fees to be paid to Praetorian.

2. Indeed, the defendants essentially ignore their burden to establish the diversity jurisdiction they claim (even complaining at one point that Praetorian "presents no evidence" of the principal place of business for other QBE N.A. companies, as if that had any relevance here.) *Response, p. 4.* They bring forth no evidence, whatsoever, that

1

Praetorian's corporate nerve center is in Wisconsin.

3. The Response merely equates QBE's Wisconsin administrative mailing office (although it is one of about 30 like it) with the Praetorian corporate nerve center, and abandons the whole principal place of business inquiry at that point. Defendants cite not a single case to support their assertion that "among the tests the Supreme Court looked at includes the location of a company's administrative office." *Response, p. 2.* And they disregard the entirely clerical "back office" nature of the work done there, favoring it over the complete concentration of corporate executives at Praetorian's New York headquarters.

4. Indeed, their conclusion is entirely counter to the Supreme Court's decisive statement in *Hertz Corp.* that,

> "Principal place of business" is best read as referring to the place ***where a corporation's officers direct, control, and coordinate the corporation's activities***. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings... .

*Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). (***emphasis added***)

5. The unanimous evidence here establishes Praetorian is controlled by decisions made in the corporate headquarters, where the entire corporate leadership maintains

their offices, in New York. Nothing done at the Wisconsin administrative mailing address is remotely shown to direct or control the corporation, and it cannot be considered Praetorian's "nerve center."

**All Praetorian corporate decision-making is done in New York; administration of day-to-day operations is not a "nerve center" test under *Hertz*.**

6. The corporate representative established that all of Praetorian's corporate leadership maintains offices in and directs the company from New York. The motion for remand lists – and the response does not contest – that the 15 Praetorian corporate executives listed on the 2015 Annual Statement all office, exclusively, in New York. *Motion, ¶8.*

7. The witness further established that those executives' decisions, directing the company's growth and corporate strategies, are made from their shared New York offices. For instance, he testified that decisions such as whether to acquire an insurance company or open new lines of coverage would be determined by those executives, from the New York headquarters. Similarly, Praetorian's legal compliance and all strategic financial policies derive from New York, where all of the relevant executives exclusively office. *Motion, ¶10; Exhibit B, pp. 35-36.*

8. The response nevertheless persists that "the location of a majority of executive decision making" was not clarified by the testimony, because "Praetorian has not presented any evidence as to exactly what individuals are involved in the executive decision making." *Response, p. 4.*

3

9. Defendants' pronouncement – and subtle attempt to avoid their burden of proof here – ignores the lengthy deposition discussion involving each Praetorian executive, and that each executive officed exclusively in New York. And the defendants are apparently unable to recognize that Praetorian's executive team, officed in New York, is the group directing, controlling and coordinating the corporation's affairs.

10. The defendants' determined ignorance of the executive offices and headquarters aside, their repeated assertions about how the administrative mailing address shows up on documents still does not establish the Wisconsin address as the principal place of business, Indeed, that conclusion is specifically belied by an example in the Supreme Court's *Hertz Corp.* decision:

> "For example, if the bulk of a company's business activities visible to the public takes place in New Jersey, while its top officers direct those activities just across the river in New York, the principal place of business is New York."

*Hertz Corp.*, 559 U.S. at 96.

In other words, even if "every document points to Wisconsin as the location of Praetorian's main administrative offices," as the response contends, then Wisconsin still is not the principal place of business because the corporation is not directed or controlled from that State. *Response, p. 5.* An outward appearance of daily corporate activity is simply not the test after *Hertz Corp.*, but the response certainly reads as if it were.

11. Finally, that "no documents or files" are in New York is not indicative of the

4

principal place of business either. Corporate documents do not make decisions. When the executive officers in New York determine what ends up in the corporate documents stored in Wisconsin, *Hertz* holds that the principal place of business is in New York.

### No Law Supports Removal

12. Defendants cite the Magistrate's Report and Recommendation from *CPS Timberlands, LLC v. Chesapeake Louisiana, LP*, 2016 WL 4004867 (W.D. LA), apparently because it involved a corporation that had no employees, like Praetorian. However, the lack of employees was not the compelling factor even in that case; instead, it was that the entity was a mere holding company that engaged in no "traditional business activities." Thus, the company's principal place of business was determined to be where the sole purpose for the company's existence (a bond issuance) took place, not where its board members resided.

This scenario bears no resemblance whatsoever to Praetorian's corporate existence and operations. Praetorian is an ongoing national insurance company, actively managed each day by its executive team in New York. The fact that its "back-office functions" (along with numerous other QBEN.A. companies') take place in Wisconsin does not equate that its nerve center is also in Wisconsin. Those administrative functions – a mailroom, IT and premium collection - are not the direction, control, and coordination of the corporation's activities contemplated under *Hertz Corp.*

13. In sum, defendants have not carried their burden to establish QBEN.A.'s Sun Prairie, Wisconsin, regional office as Praetorian's principal place of business. Instead,

5

all discovered evidence confirms that Praetorian's "nerve center" is its New York corporate headquarters, "the place where all of its business was under the supreme direction and control of its officers." *Hertz Corp.*, 559 US at 90, citing *Scot Typewriter Co. V. Underwood Corp.*, 170 F.Supp. 862, 865 (S.D.N.Y. 1959). The case must be remanded to the Circuit Court of Cook County, Illinois.

### Fees should be awarded for the objectively unreasonable removal

14. Defendants seek to distract the court from the utter lack of any evidence to show that Praetorian's corporate decision-making is in Wisconsin by arguing, apparently, about discovery objections in the state court. Aside from the patent irrelevance to the issues at hand here, defendants never challenged the objections so the point is not well-taken anyway.

15. But their diversion aside, defendants simply have no response as to why their second notice of removal was in any manner reasonably made. At least the first notice was based on facts that were unknown to defendants, primarily that of what takes place at the Wisconsin administrative office.

16. Yet following their ability to secure thousands of pages in discovery and through a deposition learn not only of the administrative "back office" functions performed there for world-wide QBE companies but the location of all Praetorian executives, defendants immediately filed another notice, essentially ignoring all they learned though discovery about Praetorian's "nerve center."

17. The response essentially concedes this through silence on the sole matter of

6

where Praetorian's corporate decisions are made. Instead, defendants "presume" that Praetorian's administrative office is its principal place of business. *Response, p. 5*. They muster only conclusive arguments centered on speculation that the former CEO had a home in Pennsylvania; or that Praetorian (again, not the party with the burden here) had failed to present any evidence on "what individuals are involved in the executive decision making." *Response, p. 4*.

18. Arguments like these – offered without a glimpse of legal support for the propositions – exemplify a willful ignorance of the facts defendants were allowed to discover. The corporate designated witness recited with direct reference to Praetorian's 2015 Annual Statement that every corporate executive officer listed thereon officed exclusively in New York, and that none of them kept an office in Sun Prairie, Wisconsin. The fact that the Statement shows that the corporation's main administrative office is in Wisconsin, frankly, has nothing to with the "nerve center" analysis under *Hertz Corp*.

19. The only reasonable reading of that test, when comparing the discovered facts of this case to resolve Praetorian's principal place of business, objectively concludes that it is in the New York corporate headquarters, not the Wisconsin facility. The nerve center test begins with a near-presumption that the nerve center is a corporation's headquarters.

Once it was shown that the New York headquarters is the actual office location for the entire roster of Praetorian's corporate executives, the inquiry here was over. Yet defendants, despite knowing now what they hadn't known in their first removal, went

7

ahead and sought removal on even weaker facts and arguments than their prior effort.

20. Defendants cite not a single case in which the location of corporation records and documents trump the location of corporate decision-makers and executives. And in the face of *Hertz* and the "nerve center" test, none is presumed to exist.

21. So yes, as the response states, "Jurisdiction ought to be readily determinable." *Wisconsin Knife Works v. National Metal Crafters*, 781F.2d 1280, 1281 (7th Cir. 1986). Here, most assuredly, all discovery shows "the corporation's brain" is in its New York headquarters, held collectively among its executive team. Defendants served their second notice of removal anyway, defying the very discovery they undertook on the principal place of business issue.

22. The defendants' willful misreading of the "never center" test, done with utter disregard for the clear testimony of the Praetorian corporate representative on the location of its corporate leadership, warrants the imposition of just costs and any actual expenses, including attorney fees, incurred as a result of the improper removal, pursuant to 28 U.S.C. 1447(c). *See, MB Financial, N.A. v. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012), holding an award of attorney fees is appropriate when the removal was "unreasonable;" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005), holding that absent an "objectively reasonable basis for removal," attorney fees should be awarded.

*See also, Chase v. Shop & Save Warehouse Foods, Inc.*, 110 F.3d 424, 431 (7th Cir. 1997), affirming a Rule 11 sanction for a party's repeated motions for remand despite the party offering no new evidence on the purported diversity-jurisdiction fact question, "leaving

the same court to rule on the same motion with the same facts and same removal standard." Here, defendants filed a renewed Notice of Removal when the facts were even less likely to establish jurisdiction than the first effort.

WHEREFORE, Praetorian Insurance Company respectfully requests an order remanding the case to the Circuit Court of Cook County, Illinois; for the costs and attorney fees for this motion; and any further relief that this Court deems just.

Respectfully submitted,


By: /s/ Anthony J. Tunney


Anthony J. Tunney
Robert E. Elworth (IL Bar 6217283)
HeplerBroom, LLC
30 North LaSalle Street, Suite 2900
Chicago, Illinois 60602
(312) 230-9100

Attorneys for Plaintiff Praetorian Insurance Company

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 17, 2017 he caused the foregoing pleading to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

By: s/ Anthony J. Tunney
Anthony J. Tunney Bar Number: 2866137
HEPLERBROOM, LLC
30 North LaSalle Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 230-9100
Fax:    (312) 230-9201
E-Mail: tony.tunney@heplerbroom.com
Attorneys for Plaintiff Praetorian Insurance Company